OPINION
{¶ 1} Appellant Brandi Rosier, the mother of Dakota James Rosier-Lemmon, appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that awarded Appellee Christopher Lemmon legal custody of the parties' minor child and denied appellant's motion to suspend visitation. The following facts give rise to this appeal.
 {¶ 2} On March 26, 1998, the parties entered into an agreed judgment entry designating appellant the residential parent and legal custodian of the minor child. The agreed judgment entry also ordered support and visitation. On February 25, 2003, the Stark County Department of Job and Family Services ("SCDJFS") filed a complaint alleging the child and his sibling were dependent and neglected children. On May 9, 2003, the parties stipulated the children were dependent and awarded SCDJFS protective supervision. Appellant retained custody of the children.
 {¶ 3} On April 29, 2003, appellee filed a motion requesting custody of the minor child. Thereafter, on May 2, 2003, appellant filed a motion requesting the court to suspend appellee's visitation. The trial court conducted a hearing on the motions on August 4, 2003. On August 15, 2003, the trial court filed findings of fact and conclusions of law in which it awarded appellee legal custody of the minor child and denied appellant's motion to suspend visitation.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The trial court erred when it applied ohio revised code §§ 3109.04 to a change of legal custody between parents in a dependency action.
 {¶ 6} "II. Appellant was prejudicially deprived of her united states and ohio constitutional rights to a fair trial due to the ineffective assistance of counsel.
 {¶ 7} "III. The trial court erred when it determined that appellant was testifying as if on cross-examination."
 I {¶ 8} In her First Assignment of Error, appellant contends the trial court erred when it applied R.C. 3109.04 to a change of legal custody between parents in a dependency action. We disagree.
 {¶ 9} In support of this assignment of error, appellant maintains the trial court's judgment entry filed May 12, 2003 created a new custody order. We do not agree with this conclusion. The trial court's judgment entry did not create a new custody order. Instead, the judgment entry continued custody with appellant, but with protective supervision by SCDJFS.
 {¶ 10} Prior to the dispositional hearing in this matter, appellee filed a motion for an order allocating parental rights and responsibilities pursuant to R.C. 2151.353(A)(3). This statute provides:
 {¶ 11} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 "* * * {¶ 12} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child;"
 {¶ 13} Further, at the hearing of this matter, the trial court was required to comply with R.C. 2151.42(B). This statute provides:
 {¶ 14} "(A) At any hearing in which a court is asked to modify or terminate an order of disposition issued under section2151.353 * * * of the Revised Code, the court, in determining whether to return the child to the child's parents shall consider whether it is in the best interest of the child.
 {¶ 15} "(B) * * * A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on the facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."
 {¶ 16} Based upon the above cited statutes and our review of the record in this matter, we conclude the trial court applied the proper legal standard when it granted appellee's motion for an order allocating parental rights and responsibilities.
 {¶ 17} Appellant's First Assignment of Error is overruled.
 II {¶ 18} Appellant maintains, in her Second Assignment of Error, that she was denied effective assistance of counsel. We disagree.
 {¶ 19} Appellant challenges counsel's representation of her at the hearing conducted by the trial court on August 4, 2003. This hearing presented two issues: appellee's motion requesting custody of the minor child and appellant's motion to suspend visitation. SCDJFS had no motion pending before the court.
 {¶ 20} "Where the proceeding contemplates the loss of parents' `essential' and `basic' civil rights to raise their children, * * * the test for ineffective assistance of counsel used in criminal cases is equally applicable to actions seeking to force the permanent, involuntary termination of parental custody." In re Wingo (2001), 143 Ohio App.3d 652, 666, quotingIn re Heston (1998), 129 Ohio App.3d 825, 827. We have similarly addressed ineffective assistance claims in permanent custody appeals. See, e.g., In re Utt Children, Stark App. No. 2003CA00196, 2003-Ohio-4576.
 {¶ 21} However, because the matter heard by the trial court, on August 4, 2003, involved private motions concerning the custody of the minor child and the issue of visitation, we find no constitutional right existed to effective assistance of counsel. The Eight District Court of Appeals recently reached the same conclusion in In re L.S., 152 Ohio App.3d 500, 512,2003-Ohio-2045, at ¶ 49. The court held:
 {¶ 22} "The constitutional right to effective assistance of counsel applies in criminal proceedings and in certain civil proceedings when the state seeks to infringe a life, liberty, or property interest protected by the Fifth and Fourteenth Amendments. [Citations omitted.] There is no constitutional right, however, to effective representation by counsel in civil cases between individual parents involving visitation and residential-parent status. [Citations omitted.]
 {¶ 23} Accordingly, appellant may not raise an ineffective assistance of counsel claim.
 {¶ 24} Appellant's Second Assignment of Error is overruled.
 III {¶ 25} In her Third Assignment of Error, appellant contends the trial court erred when it determined that she was testifying as if on cross-examination. We disagree.
 {¶ 26} During the hearing, while appellant was testifying, counsel for appellant objected stating that opposing counsel was testifying and presenting leading questions. Tr. at 14. Counsel for appellee responded that it was cross-examination. Id. The trial court overruled appellant's objection on the basis that appellee called appellant as if on cross-examination. Id. Appellant argues, on appeal, that counsel for appellee improperly questioned appellant and therefore, the trial court should not have permitted this testimony.
 {¶ 27} Even if we were to find the trial court committed error when it permitted counsel for appellee to question appellant as if on cross-examination, any such error was harmless. The facts elicited from appellant's testimony had previously been introduced, into evidence, through the report of the guardian ad litem. Further, appellant chose to take the stand upon her presentation of the evidence. The trial court would have been presented with the same testimony, from appellant, whether it occurred during cross-examination, in appellee's case in chief, or during cross-examination following appellant's direct testimony.
 {¶ 28} Accordingly, the trial court properly considered appellant's testimony as any error that may have occurred was harmless.
 {¶ 29} Appellant's Third Assignment of Error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
Farmer, P.J., and Boggins, J., concur.