OPINION
Judgment: Affirmed.
{¶ 1} This appeal is a result of a final judgment of the Lake County Court of Common Pleas, Division of Domestic Relations. In its entry, the trial court rejected the magistrate's decision to reallocate parental rights in appellant's favor with respect to the parties' youngest son. Based upon this determination, the trial court denied appellant's motion which prompted the instant appeal. For the reasons herein, we affirm.
 {¶ 2} Appellant, Bryan K. Hayes, and appellee, Lynn M. Hayes (n.k.a. Lynn M. Racic), were granted a dissolution of marriage by decree on April 2, 1997. The parties were granted shared parenting of their two minor children, Matthew (born September 24, 1988) and Adam (born July 2, 1992). Pursuant to the shared parenting plan, appellee was named the primary residential parent. Appellee was remarried to James Racic in late 1997 and appellant was re-married to Beth Hayes in 1998. Appellee and Mr. Racic were subsequently divorced in August of 2003; during their marriage the Racics had two daughters. Appellant and Beth remain married and without additional children. At the time of trial, appellee lived in a condominium in Concord, Ohio while appellant and Beth had recently relocated from Cincinnati, Ohio to East Strausberg, in eastern Pennsylvania.
 {¶ 3} On January 27, 2003, appellant filed a motion for reallocation of parental rights and responsibilities and/or for modification of the shared parenting plan. On September 16, 2003, these motions were voluntarily dismissed without prejudice. On September 25, 2003, appellant "renewed" his motion for reallocation of parental rights and responsibilities alleging the same substantive bases in support. A fragmented three day trial was held on the motion (on August 4, 2004, October 1, 2004, and November 12, 2004) during which the magistrate received evidence regarding the alleged changed circumstances and best interests of Matthew and Adam. On December 9, 2004, the magistrate filed his decision. The magistrate determined that Matthew would suffer greater harm by a change in residence; alternatively, the magistrate determined "that any harm likely to be caused by Adam moving to his father's residence is in fact outweighed by the advantages that Adam would realize by moving to his father's residence."
 {¶ 4} Appellee filed a timely objection to the magistrate's decision asserting that the magistrate erred in modifying the former decree because there was insufficient evidence to establish a change of circumstance. The trial court, after reviewing the transcripts and considering the applicable case law and statutes sustained appellee's objection. The trial court determined the evidence failed to reveal a change of circumstances and thus determined "the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment" to Adam. Appellant now appeals and asserts the following assignment of error:
 {¶ 5} "The court erred and committed an abuse of discretion in looking to find a change in circumstances from the filing of a prior motion as opposed to the prior decree." [sic].
 {¶ 6} In support of his assignment of error, appellant directs our attention to the language of R.C. 3109.04(E)(1)(a), the statute enabling a court to modify a prior custody decree. R.C. 3109.04(E)(1)(a) provides, in relevant part:
 {¶ 7} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds,based on facts that have arisen since the prior decree or that wereunknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and the modification is necessary to serve the best interest of the child. * * *" (Emphasis added).
 {¶ 8} Appellant asserts the trial court procedurally erred in examining whether a change of circumstances occurred from a prior motion (January 27, 2003) rather than the prior decree (April 2, 1997). Appellant's interpretation of the statute is correct; however, we disagree with his claim that the trial court's determination was strictly confined to the party's circumstances since the January 27, 2003 motion rather than the April 2, 1997 decree. At the outset of its decision, the trial court frames its analysis in terms of appellee's objection to the magistrate's decision: "[m]other's sole objection is that the Magistrate erred in his Decision by finding a sufficient change of circumstances which warranted a modification of the shared parenting plan." Appellee's objection, which guided the trial court's analysis, was premised upon the assertion the circumstances had not sufficiently evolved since the prior decree to warrant a modification of the custody arrangements.
 {¶ 9} Moreover, after properly finding that appellant's allegations regarding a change of circumstances were factually inaccurate, the court went on to address whether, in light of the totality of the evidence, a substantive change of circumstance had occurred such that a modification was properly warranted. In so doing, the court cited R.C.3109.04(E)(1)(a), noting its obligation not to modify the prior decree unless a change in the circumstances of the children had occurred "since the prior decree." Appellant's sole assignment of error not only lacks support but, in effect, is expressly contradicted by the trial court's August 1, 2005 judgment entry. Accordingly, appellant's assignment of error is overruled.
 {¶ 10} However, assuming arguendo appellant's contention had merit, we shall examine the substantive character of the trial court's judgment entry for error. Before doing so, we shall first set forth the appropriate standard of review: When reviewing an appeal from a trial court's decision to accept or reject a magistrate's decision, an appellate court must determine whether the trial court abused its discretion. In re Ratliff, 11th Dist. Nos. 2001-P-0142 and 2001-P-0143, 2002-Ohio-6586, at ¶ 14. Where the court's decision is supported by a substantial amount of competent and credible evidence, the decision will not be reversed absent an abuse of discretion. Bates v. Bates (Dec. 7, 2001), 11th Dist. No. 2000-A-0058, 2001 Ohio App. LEXIS 5428, *8, citingBechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. While a trial court's discretion in a custody proceeding is broad, it is not absolute, and the trial court must follow the procedure described in the applicable statute. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 11} R.C. 3109.04(E) sets forth the procedure for modifying a prior decree allocating parental rights and responsibilities for the care of children. In order to modify a prior decree, R.C. 3109.04(E)(1)(a) mandates a finding (1) of a change in circumstances; (2) that the modification is necessary to serve the best interest of the child; and (3) that the harm resulting from the change will outweigh the benefits of not changing. R.C. 3109.04(F) sets forth various factors a court should consider in determining the child's best interest.
 {¶ 12} Here, after considering the best interest factors set forth under R.C. 3109.04(F)(1)(a) through (j), the magistrate found that "the harm likely to be caused by having Matthew move to his father's residence in Pennsylvania outweighs any advantages that Matthew may realize by moving to his father's residence." Alternatively, the magistrate concluded that "any harm likely to be caused by Adam moving to his father's residence is in fact outweighed by the advantages that Adam would realize by moving to his father's residence." The magistrate based this latter conclusion upon the following "changes of circumstances:" (1) appellant's new place of work is 45 minutes from his home and his new job duties no longer require him to significantly travel (from 2 or 3 days a week to approximately 2 days per month); (2) appellant and his wife built a new home in a gated community; (3) Adam, as a hockey player, could still play hockey near appellant's residence; (4) appellee had remarried, had two additional children, and had since divorced; (5) appellee is a single mother with a full-time job; and (6) appellant has much more time to devote to Adam than appellee "at the present time." Accordingly, the magistrate granted appellant's September 25, 2003 "Renewed Motion for Reallocation of Parental Rights and Responsibilities."
 {¶ 13} Appellee subsequently objected to the magistrate's decision contending that the magistrate erred in finding a change in circumstances that warranted a modification of the shared parenting plan. After reviewing the record in relation to appellee's objections, the trial court rejected the magistrate's decision. However, before addressing the substantive evidence, the court underscored certain noteworthy procedural features relevant to its rejection:
 {¶ 14} "Father filed his first motion for reallocation of parental rights and responsibilities on January 27, 2003, alleging Mother was derelict in her duties to the children[,] that her present husband was taking care of the boys, and that the children would be losing their home due to the Racic's marital discord. Trial of this motion was set for September 16, and 17, 2003. On September 10, 2003, Father filed a motion for continuance in that Dr. Donald Weinstein was unable to `timely' provide a report to counsel prior to trial due to Mother's not appearing for a scheduled appointment with him in mid-July. However, in Dr. Weinstein's report, Exhibit A, he states his reason for not being able to complete his report for the September 2003 trial dates as difficulties with Father's schedule, not Mother's * * * Father's continuance was granted in part by the Magistrate's order which provided the trial would proceed as far as possible on the scheduled dates. In other words, the parties and witnesses would testify except for Dr. Weinstein. Thereafter, on September 15, 2003, Father filed a Notice of Dismissal of his January 27, 2003 Motion. Thereafter, Father filed his second motion for reallocation of parental rights and responsibilities on September 25, 2003. In said motion, Father recites the same basis for reallocation of parental rights as in his January 27, 2003 motion. However, the basis in Father's second motion was factually inaccurate as to `child rearing has increasingly been thrust upon Ms. Racic's present husband, but now that marriage is coming to an end.' The Racic's marriage was terminated by Judgment Entry filed almost one month previously.
 {¶ 15} "The Court finds Mother's procedural objection to Father's September 25, 2003 Motion for Reallocation of Parental Rights and Responsibilities well taken in that a change in circumstances as described by Father in his second motion was inaccurate and incorrect."
 {¶ 16} The foregoing determination is supported by the evidence and neither arbitrary nor irrational. Appellant's September 25, 2003 renewed motion is an exact duplicate, in form and language, of the January 27, 2003 motion. Specifically, appellant alleged in both motions:
 {¶ 17} "For cause, Father submits that the Plaintiff Mother has been derelict in her duties toward the children. Child rearing has increasingly been thrust upon Ms. Racic's present husband, but now that marriage is coming to an end. Further, the children will be losing the home that they are living in because Mr. Racic will be retaining the Racic marital home."
 {¶ 18} The record reveals that appellee and Mr. Racic were divorced in August of 2003 and, after January or February of 2003, Mr. Racic had no child rearing responsibilities with respect to Matthew and Adam.[1]
Mr. Racic testified that by February of 2003, appellee and the children were already living in a "nice condo." Regardless of whether the alleged changes were factually trustworthy in January of 2003, the allegations, with the possible exception of the general allegation of dereliction, were clearly without foundation and inaccurate by September of 2003. A parent seeking reallocation of parental rights may not rely upon factually inaccurate allegations as bases for his or her contention that changes in the circumstances of their children's lives have occurred such that a change in custody is merited. In this respect, the trial court did not err in rejecting the magistrate's decision.
 {¶ 19} Moreover, the record does not support appellant's allegation of dereliction. With respect to this issue, the trial court reviewed the statutory standards and concluded that the evidence did not disclose a sufficient change in circumstances to merit a modification of the original custody order. With respect to a determination on change of circumstances, the Supreme Court of Ohio has observed:
 {¶ 20} "Clearly, there must be a change of circumstances to warrant a change of custody, and the change must be a change of substance, not a slight or inconsequential change. The nomenclature is not the key issue. As the Wyss court aptly stated:
 {¶ 21} "`The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" Davis v.Flickinger, (1997) 77 Ohio St.3d 415, 418, quoting Wyss v. Wyss (1982),3 Ohio App.3d, 412, 416.
 {¶ 22} Here, the magistrate's determination was premised primarily upon factors which, in our estimation, amount to changes which would be understood as "inconsequential" under Davis. First, the magistrate relied upon appellant's ability spend more time with Adam than before, as well as appellant's newly built "gated-community" home. These considerations are based upon appellant's contentions that he can provide a "better" home environment than appellee. Any such belief, however, even if it could be proved, and we are not convinced that the evidence reveals such proof, is insufficient to constitute a change of circumstances. Saal v. Saal, 146 Ohio App.3d 579, 583. Moreover, the fact that appellant's new home would afford Adam the opportunity to play hockey and attend a purportedly "excellent" school district are factors which are unremarkable. The evidence indicates Adam enjoys the same substantive benefits with the original custody arrangement. The same can be said for the evidence that appellee is a single mother possessing a full-time job. At the time of the original decree, appellee was a single mother who was working to support herself and her children.
 {¶ 23} Finally, the magistrate explicitly determined appellee's remarriage to, and divorce from, Mr. Racic were changes of circumstances which weighed in favor of a custodial change. While remarriage and a subsequent divorce are relevant to the change of circumstances inquiry, we do not believe such factors militate heavily in favor of a finding of a statutory change. That is, courts have held that such evidence is significant only where hostility results between the residential and non-residential parent. See, Davis, supra, at 419; see, also, Bauer v.Bauer, 12th Dist. No. CA2002-10- 083, 2003-Ohio-2552, at ¶ 25. As far as we can discern, there were no tensions between any of the parties while appellee was married to Mr. Racic. In fact, the evidence suggested appellee and Mr. Racic enjoyed a cordial relationship with appellant during the marriage. With respect to the issue of appellee's divorce from Mr. Racic, appellee testified a major reason she left Mr. Racic was due to the negative manner in which he and the boys interacted. Appellee specifically related that Mr. Racic and the boys "butted heads a lot and [she] felt that [Mr. Racic] — [Mr. Racic] was mean to them." Because there was no evidence of hostility during appellee's marriage to Mr. Racic and the divorce was at least in part a result of appellee's perception that Mr. Racic "was mean" to the boys, we believe the evidence of the remarriage and subsequent divorce should not bear heavily upon the change of circumstances analysis. In essence, we agree with the trial court that there was insufficient evidence of a change of circumstance. Thus, we hold the trial court did not abuse its discretion in rejecting the magistrate's decision.
 {¶ 24} For the foregoing reasons, appellant's sole assignment of error is hereby overruled. Accordingly the judgment of the Lake County Court of Common Pleas Domestic Relations Division is hereby affirmed.
WILLIAM M. O'NEILL, J.,
COLLEEN MARY O'TOOLE, J., concur.
[1] Irrespective of the timing of the motion, we acknowledge that appellant's allegation implies the children will be less likely to have an available adult present when appellee is at work or otherwise out of the house now that the Racics have divorced.