OPINION
{¶ 1} Roy Adkins, Sr. and Susan Adkins appeal from the judgment of the Lake County Court of Common Pleas, Probate Division, adopting in part, and modifying in part, the decision of the magistrate, and terminating their guardianship of their minor grandson, Tyler Adkins. We affirm. *Page 2 
 {¶ 2} Tyler is the eldest son of Roy Adkins, Jr. and Nicole Adkins. Roy, Jr. and Nicole also have a younger son, Dylan. Tyler was eleven at the time of the proceedings below, Dylan about four. The marriage of Roy, Jr. and Nicole appears to have been abusive, filled with mutual recriminations of domestic violence, infidelity, drug and/or alcohol abuse, and child neglect. The couple was separated at the time of the hearing before the magistrate; a divorce has since been instituted. Roy, Jr. seems to be involved in a long-term relationship with another woman. Nicole had been living with Mr. Russell Link, in Euclid, then Painesville, then Mentor-on-the-Lake. She was pregnant with their child at the time of the hearing before the magistrate, and evidently, was delivered prior to the hearing before the trial court.
 {¶ 3} May 19, 2004, Roy Adkins, Sr. and Susan Adkins applied for appointment as Tyler's guardian. Hearing was held before the magistrate in June 2004, from which resulted a decision recommending the guardianship as being in Tyler's best interest. The magistrate's decision specifically stated that Nicole consented to the guardianship as temporary. It was adopted by the trial court July 21, 2004. Nicole retained custody of her younger son, Dylan.
 {¶ 4} April 26, 2006, Nicole filed a letter requesting termination of Tyler's guardianship. Roy, Sr. and Susan opposed. The matter was again referred to the magistrate, who held hearing June 6, 2006. Testimony was taken from the guardians; Roy Adkins, Jr.; Nicole; Nicole's boyfriend, Russell Link; Nicole's mother, Debbie Reynolds; and Nicole's stepfather, Khaled Ulwani. Tyler, while present at court, was kept out of the proceedings by the magistrate's order. *Page 3 
 {¶ 5} Fundamentally, the position of Roy, Sr. and Susan was that Tyler was happy and doing well in school, while with them; and that he strenuously opposed being sent to the household maintained by his mother with Mr. Link. They maintained Tyler had been shocked by his mother's pregnancy by Mr. Link, and that he had threatened to strike her in the stomach. They decried Nicole's use of profanity both around and directed to her children.
 {¶ 6} Nicole, her mother, and stepfather all testified to an alleged lack of supervision and discipline for Tyler in his grandparents' home. Implications were made that the grandparents disparaged Nicole to Tyler, and that his preference for living with them resulted from being spoiled by them.
 {¶ 7} July 11, 2006, the magistrate filed her decision. She found the guardianship to be temporary, and terminable for good cause. She found that Nicole had improved her life since the inception of the guardianship; and that all of the adults involved loved Tyler, wanted him, and could provide a good home. She expressed concern about Nicole's use of profanity directed at her children, as well as Tyler's emotional stability, and his ability to manipulate the adult actors in his life. Noting a parent's paramount interest in the custody of his or her child, the magistrate recommended terminating the guardianship upon the fulfillment of three conditions: (1) a psychological evaluation of Tyler, especially regarding his problems with his mother's pregnancy; (2) completion by Nicole of a parenting program; and (3) the performance of a home study of Nicole's home with Mr. Link.
 {¶ 8} Roy, Sr. and Susan timely objected to the magistrate's decision. September 28, 2006, the trial court held a hearing on the objections. November 15, *Page 4 
2006, the trial court filed its judgment entry on the objections. Noting that Nicole had filed for divorce from Roy, Jr., the trial court modified the magistrate's decision, by terminating the guardianship, upon acceptance of jurisdiction by the Lake County Court of Common Pleas, Domestic Relations Division. Otherwise, it overruled the objections, and adopted the magistrate's decision.
 {¶ 9} November 29, 2006, Roy, Sr. and Susan noticed this appeal. December 4, 2006, Nicole moved to dismiss the appeal, on the basis the guardianship's termination was conditioned on acceptance of jurisdiction by the domestic relations court, and that the notice of appeal did not allege or otherwise show that such had occurred. Nicole contended, therefore, that the probate court's order was not final and appealable.
 {¶ 10} December 15, 2006, Roy, Sr. and Susan, moved this court to stay the probate court's judgment pending appeal, acknowledging that the trial court had refused such a stay three days prior.
 {¶ 11} By a judgment entry filed January 25, 2007, we denied the motion for stay, since nothing indicated that Tyler's immediate physical or emotional well-being would be affected by termination of the guardianship.
 {¶ 12} By a judgment entry filed March 1, 2007, we denied Nicole's motion to dismiss the appeal, concluding that the probate court's order was final and appealable, since it terminated that court's jurisdiction via the guardianship, and that acceptance by the domestic relations court of jurisdiction was, essentially, a non-enforceable condition.
 {¶ 13} Roy, Sr. and Susan assign three errors: *Page 5 
 {¶ 14} "[1.] The trial court abused its discretion in terminating the [g]uardianship without any consideration of the best interest of the minor child.
 {¶ 15} "[2.] The trial [court] abused its discretion when it failed to interview * * * the minor child pursuant to its local rules.
 {¶ 16} "[3.] The trial court abused its discretion in failing to make the home studies of the parties part of the record in the instant case."
 {¶ 17} We review a trial court's decision to adopt, reject or modify a magistrate's decision for abuse of discretion. Cf. Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10; Civ.R. 53(D)(4)(b). "Abuse of discretion" connotes more than mere error of law or judgment: it means the trial court's attitude is unreasonable, arbitrary or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In support of their first assignment of error, Roy, Sr. and Susan allege the magistrate applied the wrong legal standard in recommending termination of their guardianship of Tyler. They argue the magistrate concentrated on his mother, Nicole's, improvement in the stability of her life, and ability to care for Tyler, rather than on the "best interest" of their grandson. They cite to a recent decision of the Supreme Court of Ohio, In re James, 113 Ohio St.3d 420, 2007-Ohio-2335, holding that a change of circumstances must be shown when modifying a prior decree concerning parental rights and responsibilities, and that the modification is in the child's best interest, pursuant to R.C.3109.04(E)(1)(a). James at paragraph one of the syllabus.
 {¶ 19} We disagree. When terminating the guardianship of a minor child whose natural parent has surrendered permanent custody, the probate court must apply the "best interest" of the child standard. In reClowtis, 11th Dist. Nos. 2006-L-042 and *Page 6 
2006-L-043, 2006-Ohio-6868, at ¶ 17. When terminating a temporary guardianship, however, it applies the "good cause" standard mandated by R.C. 2111.46. Id. This distinguishes James, supra, from the case before us. In James, the parents had surrendered legal custody to their son's maternal grandparents: the surrender does not seem to have been temporary. Id. at ¶ 6. A natural parent still retains a preferential status regarding custody of his or her minor child. Cf. Id. at ¶ 14. In this case, the magistrate determined, and the trial court affirmed, that the guardianship of Roy, Sr. and Susan was temporary. Consequently, the determination that Nicole was, once again, able to care for Tyler appropriately was sufficient "good cause" to terminate his grandparents' guardianship. Cf. Clowtis at ¶ 17, 30.
 {¶ 20} The first assignment of error is without merit.
 {¶ 21} By their second assignment of error, Roy, Sr. and Susan contend the trial court failed to properly deploy Lake County Loc.R. 66.1, regarding guardianships, which provides, in pertinent part: "[m]inors must appear personally in court unless for good cause shown their presence is waived." The magistrate excluded Tyler from the hearing before her, concluding he already felt caught between his mother and grandparents, and that an in camera interview, requested by his grandparents' counsel, would not be in his best interest. The trial court affirmed this finding, and also excluded Tyler from the hearing on the objections. Under their second assignment of error, Roy, Sr. and Susan further argue the trial court misapplied Civ.R. 53(D)(4), which allows the court to take further evidence when hearing objections to a magistrate's decision. See, e.g., Civ.R. 53(D)(4)(b) and (d). They believe the trial court was required to accept into evidence the psychological evaluation of Tyler which the magistrate had recommended. *Page 7 
 {¶ 22} Again, we respectfully disagree. The admission of evidence is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. Proctor v. N ERealty LLC, 11th Dist. No. 2005-T-0051, 2006-Ohio-3078, at ¶ 16. Regarding guardianships, Lake County Loc.R. 66.1 mandates the presence of minors during hearings — except "for good cause shown." The magistrate expressly determined, and the trial court agreed, that Tyler's presence during the hearings below would not be in his best interest, a considerably higher standard than "good cause." Cf.Clowtis at ¶ 17. The magistrate and the trial court were in a better position than we to determine this issue, having the parties before them. Consequently, the magistrate and the trial court did not abuse their discretion in waiving Tyler's presence.
 {¶ 23} Nothing in Civ.R. 53(D)(4)(b) and (d) requires a trial court, when ruling on objections to a magistrate's decision, to accept further evidence. The matter is confided to the trial court's discretion. In this case, the magistrate recommended a psychological evaluation of Tyler. It was within the trial court's discretion to modify her decision, thus rendering the recommendation nugatory; it was within its discretion to admit or exclude the report prepared and presented, to which Nicole's counsel objected. Civ.R. 53(D)(4)(b) and (d).[1] We find no abuse of that discretion in excluding the report.
 {¶ 24} The second assignment of error is without merit. *Page 8 
 {¶ 25} By their third assignment of error, Roy, Sr. and Susan object to the trial court's failure to make home studies of their home and the Adkins-Link home prepared by the Lake County Department of Job and Family Services part of the record. The magistrate had recommended that such a study be made of the Adkins-Link home.
 {¶ 26} This assignment of error fails, fundamentally, for the same reason as the second. Civ.R. 53(D)(4) does not require the trial court to follow its magistrate's decision, let alone recommendations, when objections are filed. Rather, the trial court must make an independent review of the matters objected to, and "ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Further, it may modify the magistrate's decision, whether or not objections are filed. Civ.R. 53(D)(4)(b). Nothing in the record indicates the trial court abused its discretion in failing to incorporate the home studies in the record.[2]
 {¶ 27} The third assignment of error is without merit.
 {¶ 28} The judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
[1] We note that Civ.R. 53(D)(4)(d) provides, regarding the trial court's ruling on objections, "* * * the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." It might be argued that this required the trial court to admit the psychological report of Tyler, as well as the home studies recommended by the magistrate, which are the subject of Roy, Sr. and Susan's third assignment of error. In the particular circumstances, we do not think the rule can be so read. We think it mirrors the provisions of Civ.R. 60(B)(2), and is not meant to cover situations such as that herein, where the evidence is created pursuant to the court's own discretionary powers, via its magistrate.
[2] See fn. 1, supra. *Page 9