OPINION
{¶ 1} On this appeal following remand, Jaimie R. Wiley appeals from the judgment of the Portage County Court of Common Pleas, Juvenile Division, awarding legal custody of their minor son, Trent, to his father, Shawn M. Wiley. We affirm. *Page 2 
 {¶ 2} March 26, 2006, the Portage County Sheriffs Office ("PCSO") and Portage County Department of Job and Family Services ("PCDJFS") responded to a report that seven-year-old Trent Wiley had punctured a tire with a knife, then threatened his eleven-year-old brother, Ronnie, and two other children. Ronnie denied the incident, which the other children confirmed. The Wiley boys' mother, Jaimie, evidently responded to questioning by stating that people around her trailer park habitually accused her children falsely. Eventually, the PCSO officers decided upon an emergency removal of Ronnie and Trent. Jaimie responded with various threats and insults.
 {¶ 3} This seems to have been an escalation of an on-going problem. Since the beginning of 2005, the PCSO has responded to numerous calls concerning the Wileys. Trent appears to have had problems with aggressive behavior at school; and, Jaimie had complained concerning his alleged mistreatment at school. The record indicates Jaimie has been uncooperative with attempts by authorities to help her and her children.
 {¶ 4} March 27, 2006, PCDJFS filed a complaint alleging Trent was a dependent and neglected child. March 28, 2006, a shelter care hearing was held; and, April 7, 2007, the magistrate filed his order that the parties stipulated there were reasonable grounds for taking the children into custody. Jaimie retained custody of the children under protective supervision of the PCDJFS, but Trent was placed with his father.
 {¶ 5} April 25, 2006, a case plan was filed with the trial court. That same day, adjudicatory hearing was held before the magistrate. May 5, 2006, the trial court adopted the decision of the magistrate, dismissing the charges of neglect, but finding *Page 3 
that Jaimie stipulated to a finding of dependency concerning her sons. The boys continued in her custody under interim protective supervision of the PCDJFS.
 {¶ 6} May 25, 2006, a revised case plan was filed with the trial court, and dispositional hearing was held before the magistrate. June 2, 2006, the trial court adopted the decision of the magistrate, placing the boys in Jaimie's legal custody, under the protective supervision of the PCDJFS. A further dispositional hearing was held September 12, 2006; and, September 18, 2006, the trial court adopted the magistrate's decision to continue the prior arrangement.
 {¶ 7} September 22, 2006, Shawn moved the trial court for custody of Trent. September 26, 2006, Jaimie moved the trial court for legal custody of both her sons; and, October 31, 2006, she moved to terminate the protective supervision of the PCDJFS.
 {¶ 8} The magistrate held hearing November 9, 2006. Testifying were Jaimie, Shawn, Dr. Timothy Kohl, Ph.D., a psychologist retained by PCDJFS, and Shawna Bryant. November 14, 2006, the magistrate filed his decision, which states:
 {¶ 9} "[m]other's personal and emotional issues interfere with her ability to meet Trent's needs, particularly regarding his behavioral and academic problems. Father has demonstrated his ability and willingness to work with service providers for Trent as well as his personal ability to be a safe and effective parent for Trent. Dr. Kohl's recommendation is that it is in Trent's best interest to be in father's custody. Father earns $24,880 per year. Mother earns $105 per week plus $186 per week from unemployment, for a total combined income for her of $15,136 per year. She has one other child." *Page 4 
 {¶ 10} Pursuant to the above, the magistrate recommended that Trent be placed in Shawn's legal custody; that Ronnie remain in the legal custody of Jaimie; and, that Jaimie's motion for termination of protective supervision by PCDJFS be denied.
 {¶ 11} Jaimie filed objections to the magistrate's decision. Hearing was held before the trial court January 26, 2007. That same day, the trial court overruled Jaimie's objections; and, ordered that Shawn should receive legal custody of Trent that evening. Jaimie timely noticed appeal, assigning four errors:
 {¶ 12} "[1.] The trial court erred and abused its discretion in ordering a change of custody against the manifest weight of the evidence.
 {¶ 13} "[2.] Appellant Jaimie Wiley was denied a fair trial and denied her due process rights due to ineffective assistance of counsel.
 {¶ 14} "[3.] The trial court erred in admitting prejudicial hearsay testimony.
 {¶ 15} "[4.] The trial court erred to the prejudice of appellant and the minor child, Trent Wiley by proceeding to trial without Trent's appointed attorney, or his GAL report."
 {¶ 16} December 31, 2007, we announced our decision of the initial appeal. See, e.g., In re: Trent Wiley, 11th Dist. No. 2007-P-0013,2007-Ohio-7123 ("Wiley I"). We found the balance of Jaimie's assignments of error without merit, but reversed and remanded on her first assignment of error, holding that the trial court was required to make a finding that there had been a change in circumstances of either Jaimie, or Trent, prior to awarding custody of the boy to Shawn, pursuant to R.C. 2151.42(B). Wiley I at ¶ 22-24, 38.
 {¶ 17} April 10, 2008, hearing was held before the magistrate. No new evidence was submitted. By a decision filed April 21, 2008, the magistrate concluded that the *Page 5 
testimony of Dr. Timothy Kohl, Ph.D., presented at the November 9, 2006 hearing, established that Jaimie's personal and emotional problems interfered with her ability to deal appropriately with Trent's special needs; and that this fact had been unknown to the trial court previously, thus constituting a change of circumstances pursuant to R.C. 2151.42(B).
 {¶ 18} Jaimie filed her objections to the magistrate's decision. Hearing was held before the trial court June 10, 2008. By a judgment entry filed June 13, 2008, the trial court overruled the objections, and adopted the magistrate's decision.[1] Jaimie timely noticed this appeal, assigning one error:
 {¶ 19} "The Court erred and abused its discretion and decided against the manifest weight of the evidence when it based its ruling upon facts that arose before the date that the dispositional order was issued and/or that were unknown at the time that the change occurred in the circumstances of the child or in the circumstances of the person who was the legal custodian."
 {¶ 20} In reviewing a trial court's decision to adopt or reject a magistrate's decision, an appellate court looks for abuse of discretion.Hayes v. Hayes, 11th Dist. No. 2005-L-138, 2006-Ohio-6538, at ¶ 10. We also review a trial court's judgment in custody matters for abuse of discretion. In re Memic, 11th Dist. Nos. 2006-L-049, 2006-L-050, and 2006-L-051, 2006-Ohio-6346, at ¶ 25.
 {¶ 21} An abuse of discretion is no mere error of law or judgment.Blakemore v. *Page 6 Blakemore (1983), 5 Ohio St.3d 217, 219. Rather, the phrase connotes an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. Id. Therefore, "abuse of discretion" describes a judgment neither comporting with the record, nor reason. See, e.g., State v.Ferranto (1925), 112 Ohio St. 667, 676-678. Consequently, when a judgment "is supported by a substantial amount of competent and credible evidence," it may not be reversed. Hayes at ¶ 10.
 {¶ 22} R.C. 2151.42(B) provides, in pertinent part:
 {¶ 23} "A court shall not modify or terminate an order granting legal custody of a child unless it finds, based on facts that have arisen since the order was issued or that were unknown to the court at that time, that a change has occurred in the circumstances of the child or the person who was granted legal custody, and that modification or termination of the order is necessary to serve the best interest of the child."[2]
 {¶ 24} In this case, the magistrate found that the testimony of Dr. Kohl, at the November 9, 2006 hearing, established that Jaimie could not provide for Trent's needs, and that this had been unknown to the trial court prior to the hearing, when it made its dispositional orders. Jaimie's sole argument in support of her assignment of error is that Dr. Kohl had interviewed Jaimie prior to entry of the September 18, 2006 dispositional order, and thus, his opinion was based on facts arising prior to that order. We respectfully note that facts constituting a change in the circumstances, may be ones arising either after a custody order is entered, "or that were unknown to the court at that *Page 7 
time * * *." R.C. 2151.42(B).[3] As the trial court noted, it only became aware of Dr. Kohl's opinion in conjunction with the November 9, 2006 hearing. Consequently, Dr. Kohl's opinion indicated a "change in the circumstances" pursuant to R.C. 2151.42(B), justifying a modification of Trent's custody.
 {¶ 25} The assignment of error is without merit.
 {¶ 26} The judgment of the Portage County Court of Common Pleas, Juvenile Division, is affirmed.
 {¶ 27} It appears from the record that appellant is indigent, costs are waived.
 {¶ 28} The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., concurs,
TIMOTHY P. CANNON, J., concurs in judgment only with Concurring Opinion.
[1] Contrary to the finding of the trial court, it was established at that hearing that Jaimie had always had custody of her sons; we believe, that pursuant to both R.C. 2151.42 and 3109.04(E)(1)(a), once Shawn filed his motion for legal custody of Trent, both a change in circumstances, and a showing of Trent's best interest, had to be made pursuant to R.C. 2151.42(B). See, generally, In re Brayden James,113 Ohio St.3d 420, 2007-Ohio-2335; In re Rosier-Lemmon/RosierChildren, 5th Dist. No. 2003 CA 00306, 2004-Ohio-1290.
[2] Again, we note the learned trial court referenced the fact that Dr. Kohl's opinion that Shawn should have Trent's custody fulfilled the "best interest" requirement of R.C. 2151.42(A). We simply reiterate that contrary to the trial court's findings of R.C. 2151.42(B) is the proper statute and section to be applied as to legal custody between two parents.
[3] We find no definition for the term "change in the circumstances" under R.C. 2151.42(B). For purposes of R.C. 3109.04, "courts have defined this phrase to denote `an event, occurrence, or situation which has a material and adverse effect upon a child.'" Rohrbaugh v.Rohrbaugh (2000), 136 Ohio App.3d 599, 604-605, * * *." Pedraza v.Collier, 3d Dist. No. 7-06-03, 2007-Ohio-3835, at ¶ 18.