[Cite as *In re: G.W.*, 2024-Ohio-1709.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re G.W., L.W., J.W.

Court of Appeals No.  L-23-1153

Trial Court No.  JC 18268090

**<u>DECISION AND JUDGMENT</u>**

Decided:  May 3, 2024

* * * * *

Jeremy W. Levy and Brianna L. Stephan, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a May 26, 2023 judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying appellant's objection to the February 15, 2023 magistrate's decision granting appellees' motion to modify the R.C. 3109.11 visitation order applicable to their minor grandchildren, the children of their deceased son.  Rachel Gilbert ("appellant") is the mother of the children.  Barbara and Timothy Wynkoop ("appellees") are the paternal grandparents of the children.  For the reasons set forth more fully below, this court affirms the judgment of the trial court.

**{¶ 2}** Appellant sets forth the following sole assignment of error:

"I. The trial court abused its discretion and infringed upon appellant's fundamental right to make decisions concerning the care, custody, and control of her three children by sua sponte expanding grandparents' visitations and unreasonably restricting mother's discretion to balance demands on the children's time."

**{¶ 3}** The following undisputed facts are relevant to this appeal. This case stems from the 2015 passing of appellees' son, the father of the three minor children. On June 2, 2020, in the wake of intractable discord which arose between the parties related to appellees' visitation with their grandchildren, appellees secured an R.C. 3019.11 visitation order, which set forth their right to a baseline quantity of visitation with their grandchildren.

**{¶ 4}** The visitation order established that visitation would occur on the third weekend of each month, with one additional five-hour monthly visitation, and one extended weekend visitation each summer. In practice, the efficacy of the order relied upon good faith cooperation between parties in facilitating the terms of the visitation order. Unfortunately, conflict between the parties persisted, and regular visitation in alignment with the order did not occur.

**{¶ 5}** In the context of these circumstances, appellees filed two motions to modify the visitation order, with the motions filed on May 20, 2022, and December 16, 2022,

2.

respectively. On February 13, 2023, the trial court conducted an evidentiary hearing on the pending motions.

{¶ 6} Appellee Barbara Wynkoop ("grandmother"), was the first witness to give testimony at the hearing. The grandmother testified that appellant would frequently decline to adhere to the regularly scheduled visitation periods due to claimed conflicts and, in conjunction, would often not provide adequate notice so as to enable a mutually acceptable alternative visitation period to be successfully scheduled. The record consistently shows that appellant declined the third weekend of the month visitation to appellees approximately one dozen times in the course of the relevant two-year timeframe, reflecting a failure to adhere to the visitation schedule for nearly half of the weekend visitations.

{¶ 7} The grandmother further testified that appellant would often implement visitation schedule changes without any communication to appellees. In addition, she testified that appellant failed to notify appellees in the Family Wizard online application, provided by the trial court to facilitate scheduling communications between the parties, with timely notice of upcoming events and activities of the children, foreclosing the opportunity for appellees to attend various special events and activities of their grandchildren.

{¶ 8} The grandmother also testified that appellant would routinely schedule the additional, five-hour monthly visitation during times when appellant was aware that appellees were unavailable due to their employment obligations, often resulting in the

3.

elimination of that additional visitation period. In addition, appellant declined to furnish the third weekend of the month visitation each December, thereby precluding appellees from having a holiday season visitation with their grandchildren.

{¶ 9} Upon inquiry regarding the impetus behind filing their motions for modification, the grandmother encapsulated, "We would like a set weekend * * * We would like the Family Wizard to contain all of their activities so that we may attend if we choose to    * * * I would like to [visit] the kids, especially at Christmastime."

{¶ 10} The court next heard testimony from appellant, mother of the minor children. Appellant acknowledged, "We have a contentious long-standing history of disagreeing of how much time and what is going to work." Appellant conceded, "My kids do enjoy spending time with their grandparents on a regular basis." When asked if she operates in good faith when trying to resolve visitation disputes with appellees, appellant equivocated, "I try."

{¶ 11} When appellant was questioned on cross-examination regarding why her mother was notified of, and attended, the grandparents' day event at the children's school, yet appellees were not likewise notified of the event, so as to similarly be afforded the opportunity to attend, appellant simply stated, "I am not giving an excuse." Appellant further conceded to declining to notify appellees of, or invite appellees to, a baptism of one of their grandchildren, stating that she excluded appellees from the event, "Because we have a history of contention."

4.

{¶ 12} At the conclusion of the hearing, counsel for appellees summarized, "I would ask the court to seriously consider the modification request that we made. We're not interested in [appellant] going to jail. We aren't interested in her being sanctioned. We just want a schedule that everybody can live with without fighting back and forth every single month. It's not fair to these children."

{¶ 13} In response, counsel for appellant argued for maintaining the status quo of the existing visitation order, despite testimony from all parties attesting to the continuous difficulties with it, stating, "We're asking the court keep this [visitation order] in effect because this is in the best interest of the children." The parties rested.

{¶ 14} On February 15, 2023, the magistrate ruled. The magistrate's decision outlined the situation presented, stating,

> The petitioners are the paternal grandparents. Father has been deceased since 2015. The parties entered into a consent agreement for grandparent visitation on June 2, 2020. Grandparents are to have visitation every third weekend * * * [Appellant] has moved the third weekend visitation 11 times * * * [G]randparents did not get to visit the children the past two Decembers * * * The children do not get to visit father's family for the holidays. [Appellant] wants flexibility to schedule the grandparents' visits. The grandparents want stability and scheduled times * * * The additional five-hour monthly visitation is contentious to schedule each month.

5.

{¶ 15} After delineating the chronic visitation issues reflected by the evidence, the magistrate held, "The court affirms the order that the grandparents shall have visitation * * * the third weekend of every month. The court affirms the times for the visitation as currently stated in the agreement." The court next outlined three modifications of the visitation order, with each modification designed to alleviate the corresponding, above-discussed visitation issue, holding,

> If the five-hour monthly additional visitation is to be added to a weekend visit, as has been the current routine, the grandparents will return the children at 2:00p.m. on Sunday rather than 9:00a.m. [to preserve the additional five-hour monthly visitation rather than allow it be merged into the weekend visitation] * * * [T]he grandparents shall have one week of summer visitation [to enable the single extended summer visitation which had been problematic] * * * [T]he grandparents shall have 72 hours of visitation during the children's winter break [to enable a holiday season visitation which had been problematic].

{¶ 16} Appellant objected to the magistrate's decision, asserting that the decision did not give her adequate flexibility, and was not in the best interest of the children.

{¶ 17} On May 26, 2023, the trial court denied appellant's objection to the magistrate's decision. The trial court held, in relevant part,

> The court finds the magistrate's decision to be in the best interest of the minor children, and affirms same. Indeed, the court concurs with the

6.

magistrate's findings regarding disharmony between the parties, the need for the minor children to know their father's family, and for mother's desire to have flexibility in the schedule. The court finds, therefore, that the magistrate has created an appropriate schedule to address the concerns and desires of all parties, and that said schedule is in the best interest of the minor children. Based on the foregoing, mother's objection is denied.

{¶ 18} This appeal ensued.

{¶ 19} In the sole assignment of error, appellant alleges that the trial court erred and abused its discretion in granting appellees' motion to modify the visitation schedule. We are not convinced.

{¶ 20} As a preliminary matter, we note that appellant maintains that the trial court sua sponte modified the visitation order. This does not align with the record of evidence. The record shows that appellees filed two motions for modification of the visitation order. The trial court's visitation order decision, following a full evidentiary hearing on same, was in direct response to appellees' pending motions to modify visitation, rather than a random, sua sponte action, as suggested by appellant.

{¶ 21} We review this case on an abuse of discretion basis. As held by this court in *S.S. v. F.M.*, 2020-Ohio-3827, ¶ 28 (6th Dist.),

> [W]e review the juvenile court's decision [in response to] the magistrate's decision for an abuse of discretion. *See In re L.M.L.*, 11th Dist. Portage No. 2016-P-069, 2017-Ohio-7451, ¶ 20, quoting *In re Wiley*, 11th Dist.

7.

Portage No. 2008-P-062, 2009-Ohio-290, ¶ 20 ("In reviewing a trial court's decision to adopt or reject a magistrate's decision, an appellate court looks for an abuse of discretion.") An abuse of discretion connotes that the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} In conjunction, as this court held in *N.E. v. J.E.*, 2017-Ohio-1149, ¶ 29 (6th Dist.), "[W]e hold that *the trial court did not err in exercising jurisdiction over the visitation issue, which was properly before the court as a result of filing [a motion to modify] * * * [U]pon the filing of such a motion, and without regard to which party files it, the trial court is statutorily required to render a decision that is in accord with the best interest of the child*." (Emphasis added).

{¶ 23} R.C. 3109.11, which establishes the statutory guidelines concerning the visitation rights of grandparents and other relatives when a parent of minor children is deceased, underlies this appeal. R.C. 3109.11 sets forth, in relevant part,

> If either the father or mother of an unmarried minor child is deceased * * * In determining whether to grant any person reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code.

{¶ 24} In support of this appeal, with respect to the R.C. 3109.051(D) best interest factors, appellant acknowledges that the children have had an ongoing relationship with

8.

appellees during their lives and that visitation between them is enjoyed by all of them. R.C. 3109.051(D)(2). In addition, appellant acknowledges that her home is in close proximity to appellees' home, which is located approximately 20 minutes away. R.C. 3109.051(D)(3). It is further acknowledged that the children are active, adjusted, and engaged at home, at school, and in the community. R.C. 3109.051(D)(4)(5).

{¶ 25} Nevertheless, pursuant to R.C. 3109.051(D)(15), which establishes the factor, "The wishes and concerns of the child's parent," appellant submits that, "[S]he prefers the flexibility of the June 2020 order as the children's lives have become busier and demands on their time have increased." Appellant concludes, without evidentiary support, that because the modified visitation order granted appellees, on an annualized basis, an additional one-week visitation during the summer, and a designated three-day visitation during winter break for holiday season visitation, that the, "Increased demands on the children's time and imposed greater rigidity, [is] not in the children's best interests." We are not persuaded.

{¶ 26} The record shows that following the death of their son in 2015, appellees sought to maintain regular visitation with their grandchildren. The record shows that due to ongoing discord between the parties, a formal visitation order became necessary. It was issued on June 2, 2020. The record shows that during the two-year period following the issuance of the order, visitation disagreements and difficulties persisted. Appellant declined or deviated from the third weekend of the month visitation with appellees approximately one-half of the time during that period. In addition, appellant consistently

9.

declined the December weekend visitation, which precluded appellees from a holiday season visitation with their grandchildren.

{¶ 27} The record reflects the parties love the children, but that, nevertheless, persistent antagonisms between them has undermined the visitation schedule set forth in the visitation order. In response to these undisputedly contentious circumstances, and the related motions to modify visitation, the trial court affirmed and modified the visitation order, with each modification specifically designed to remediate the corresponding visitation issue, as discussed in detail above.

{¶ 28} Based upon the forgoing, we find that appellant has failed to establish that the trial court's restrained modifications of the visitation order, in response to motions to modify and in an effort to remediate specific, ongoing visitation issues, was arbitrary, unreasonable, or unconscionable. Wherefore, we find appellant's assignment of error not well-taken.

{¶ 29} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.         _____
                    JUDGE

Gene A. Zmuda, J.

                   _____
Myron C. Duhart, J.          JUDGE
CONCUR.

                   _____
                    JUDGE


This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.