OPINION
{¶ 1} Defendant-appellant, Gary Green, appeals the July 21, 2003 judgment of the Court of Common Pleas of Union County, overruling his objections to the magistrate's decisions, which denied his motion for the reallocation of parental rights and responsibilities of his son.
 {¶ 2} Gary Green and the plaintiff-appellee, Tina Green, were divorced in 1994, in Union County, Ohio. Their divorce decree named Tina as the residential parent and legal custodian of the parties' three minor children, Christine Green, Brandon Green, and Ashley Green. Gary was granted visitation with the children.
 {¶ 3} Sometime after the divorce, Gary moved to the state of Virginia and has since remarried. In June of 2002, Tina allowed Brandon, then age eleven, to reside with his father in Virginia. On March 20, 2003, Gary filed a motion with the trial court requesting that the court modify the divorce decree to designate him as the residential parent of Brandon. On this same date, he also filed a request that the court conduct an in camera interview with Brandon.
 {¶ 4} On April 15, 2003, a night hearing on the matter was held before the domestic relations magistrate. During the hearing, Gary and Tina represented to the magistrate that they had reached an agreement whereby Gary would be named residential parent and legal custodian of Brandon, and counsel for the parties proceeded to place the agreement on the record. However, during the course of the hearing, Gary and Tina were unable to agree on a visitation schedule for Tina to see Brandon. Because Gary and Tina could not agree upon visitation, the magistrate was unwilling to accept the agreement between the parties to change the residential parent designation and informed the parties that she would base her decision on whether a change in circumstances had occurred. After discussing the matter with counsel for both parties, the magistrate determined that no change in circumstances had occurred and refused to conduct an in camera interview with Brandon. Therefore, the magistrate overruled Gary's motion for reallocation of parental rights and responsibilities and ordered that Brandon be returned to his mother's custody.
 {¶ 5} Gary filed an objection to the magistrate's decision with the Union County Common Pleas Court, but Tina filed no response. On July 21, 2003, the trial court overruled Gary's objections to the magistrate's decision and adopted that decision in its entirety. This appeal followed, and Gary now asserts three assignments of error.
The Magistrate erred in failing to conduct an in camera interview ofthe child who was present at the hearing in order to assess his wishes.
 The Magistrate erred in finding that a change in circumstanceshas not occurred under O.R.C. Section 3109.04.
 The trial court erred in failing to require a full hearing andtestimony of the parties at the hearing.
 {¶ 6} Initially, we note the Appellate Rules state: "if an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App. R. 18(C). Here, Tina, the appellee, failed to submit a brief to this Court. Accordingly, we elect to accept the statement of facts and issues of Gary, the appellant, as correct pursuant to App.R. 18(C). Upon a reading of the brief, Gary's argument reasonably supports a reversal for the reasons that follow.
 {¶ 7} The Revised Codes states:
The court shall not modify a prior decree allocating parental rightsand responsibilities for the care of children unless it finds, based onfacts that have arisen since the prior decree or that were unknown to thecourt at the time of the prior decree, that a change has occurred in thecircumstances of the child, the child's residential parent, or either ofthe parents subject to a shared parenting decree, and that themodification is necessary to serve the best interest of the child. Inapplying these standards, the court shall retain the residential parentdesignated by the prior decree or the prior shared parenting decree,unless a modification is in the best interest of the child and one of thefollowing applies:
 (i)The residential parent agrees to a change in the residential parentor both parents under a shared parenting decree agree to a change in thedesignation of residential parent.
 (ii) The child, with the consent of the residential parent or of bothparents under a shared parenting decree, has been integrated into thefamily of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment isoutweighed by the advantages of the change of environment to the child.
R.C. 3109.04(E). In interpreting this statute, this Court has held that a trial court must first determine whether there has been a change in circumstances that is sufficient to warrant modification of the prior decree. Stout v. Stout (Oct. 17, 2001), 3rd Dist. No. 14-01-10, 2001 WL 1240131. The Ohio Supreme Court has held that "the change must be a change of substance, not a slight or inconsequential change." Davis v.Flickinger (1997), 77 Ohio St.3d 415, 418. However, the Court further noted that "R.C. 3109.04 requires only a finding of a `change of circumstances' before a trial court can determine the best interest of the child in considering a change of custody. Nowhere in this statute does the word `substantial' appear." Id. at 417. Thus, the change does not have to be quantitatively large, but rather, must have a material effect on the child. Stout, supra.
 {¶ 8} The second step in determining whether to modify a prior decree is to ascertain whether a modification is in the best interest of the child. In making this determination, the court is required to consider the factors listed in R.C. 3109.04(F). These factors include the wishes of the parents, the wishes and concerns of the child, the child's interaction and interrelationship with his parents, and the child's adjustment to his home, school, and community. R.C. 3109.04(F)(1) (a-d). The wishes and concerns of a child who is of suitable age and mental capacity are best expressed by that child. Thus, the Revised Code provides that the trial court, in its discretion, may interview the child at issue in chambers, i.e. in camera, regarding the child's wishes and concerns with respect to the allocation in either "an original proceeding or in any proceeding for modification[.]" R.C. 3109.04(B)(1). However, this section also requires a court to conduct an in camera interview with the child at issue when either party makes a request for one.
 {¶ 9} In the case sub judice, the record reveals that the parties were present for an evening hearing with the magistrate and planned to enter into a consent judgment entry to modify the prior divorce decree to name Gary the residential parent of Brandon. However, when a disagreement as to visitation with Tina arose, the magistrate proceeded to determine whether a change in circumstances had occurred and whether a modification was in Brandon's best interests. Yet, the magistrate proceeded to do so without permitting the parties the opportunity to present evidence and witnesses regarding either a change of circumstances or Brandon's best interest.
 {¶ 10} Both parents acknowledged that Brandon had been living with Gary in Virginia for nearly a year, was attending school in Virginia, and was acclimated to this living situation. Facts suggested that both parents desired to change the residential parent status of Brandon to Gary. All of this information would be relevant as to whether a change in circumstances existed as required by R.C. 3109.04(E) and/or whether a modification was in the child's best interest. The magistrate elected to deny the motion for a reallocation of parental rights and responsibilities but did so without conducting an evidentiary hearing to permit the parties to present their evidence and to bring all of the relevant and necessary facts before the court. Thus, the magistrate made a decision without any evidentiary support for that determination.
 {¶ 11} "While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04. In addition, the trial court's determination in a custody proceeding is, of course, subject to reversal upon a showing of an abuse of discretion." Miller v. Miller (1988),37 Ohio St.3d 71, 74, 523 N.E.2d 846 (internal citations omitted). Given the aforementioned lack of evidence in this case and the limited information before the court, the magistrate, and the trial court in adopting the magistrate's decision in its entirety, abused the discretion afforded in these cases. Thus, the second and third assignments of error are sustained, and the first assignment of error is rendered moot.
 {¶ 12} For these reasons, the judgment of the Common Pleas Court of Union County, Ohio, is reversed and the cause remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Walters and Shaw, JJ., concur.