**LINDMAN, Appellant,**

v.

**GEISSLER, Appellee.**

[Cite as *Lindman v. Geissler,* 171 Ohio App.3d 650, 2007-Ohio-2003.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 06CAF060036.

Decided April 23, 2007.

Bruce A. Lindman, pro se.

Scott A. Wolf, for appellee.

HOFFMAN, Judge.

{¶ 1} Plaintiff-appellant, Bruce A. Lindman, appeals the May 30, 2006 judgment entry entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which approved and adopted the magistrate's December 28, 2005 decision. Defendant-appellee is Leslie Geissler, formerly known as Lindman.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant and appellee were married in 1989. Four children were born as issue of the marriage, to wit: Irena, born December 18, 1987, Erik, born November 13, 1989, Bruce Jr., born September 27, 1991, and Alexander, born June 8, 1993.

{¶ 3} On June 16, 1995, appellant filed a complaint for divorce in the Delaware County Court of Common Pleas, Domestic Relations Division. The trial court filed a judgment entry/decree of divorce on November 3, 1995. Pursuant to the decree, appellant was designated the residential parent and legal custodian of the children during specified times, and appellee was designated the residential parent and legal custodian at all other times. Appellant was ordered to pay appellee child support in the amount of $915 per month.

{¶ 4} On May 28, 2003, appellee filed a motion for modification of the shared-parenting plan, the establishment of child support, and a clarification of child-care payment. Therein, appellee alleged that at the time the parties had entered into a shared-parenting plan in 1997, appellant was paying her $1,200 per month as "reasonable child care" for the parties' children, and since that time, appellant had reduced the payment to $600 per month, claiming that the older children did not need child care. Appellant subsequently filed a motion for child support. The magistrate conducted a hearing on the motions on December 1, 2003. By a decision filed January 7, 2004, the magistrate modified the parties' companionship schedule and ordered appellant to pay child support to appellee in the amount of $900 per month, which was a deviation from the guidelines based upon the significant amount of time appellant had companionship with the children. Appellant filed timely objections to the magistrate's decision. By a judgment entry filed August 20, 2004, the trial court overruled appellant's objections and approved and adopted the magistrate's January 7, 2004 decision as the order of the court. Appellant appealed to this court, asserting: "The trial court erred when it failed to designate [appellee] as the obligor and [appellant] as the obligee on the child support worksheet." This court sustained the assignment of error, finding: "Pursuant to R.C. 3119.07(A), appellant, therefore, should have been designated the obligee and appellee the obligor on the child support worksheet." *Lindman*

*v. Lindman*, Delaware App. No. 04CAF09065, 2005-Ohio-4708, 2005 WL 2174617, ¶ 32. We reversed the trial court's judgment and remanded the matter for further proceedings.

{¶ 5} Based upon this court's remand, appellant filed a motion for cancellation of child-support order on September 9, 2005. Appellee filed a complaint for change of custody, a deviation on child support, and/or an amendment to the shared-parenting plan on October 7, 2005. Thereafter, appellant filed a motion for contempt and a restraining order, asserting that appellee continued to interfere with the companionship schedule and made threats of violence against him. The magistrate conducted a hearing on December 9, 2005. By a decision filed December 28, 2005, the magistrate found:

{¶ 6} "The parties entered into a Shared Parenting Plan that designates the Father as the 'sole residential parent,' even though under the Ohio Revised Code neither parent in a shared parenting plan is to be designated at [sic] the 'sole residential parent.' Accordingly, the plan is amended so that the Plaintiff–Father is the residential parent for school placement purposes. The Father shall be the residential parent during those times that the children are with him, and the Mother shall be the residential parent during those times that the children are with her.

{¶ 7} " * * *

{¶ 8} "Child support payments previously ordered to be paid by the Plaintiff–Father shall continue at the rate previously ordered.

{¶ 9} " * * *

{¶ 10} "The Plaintiff–Father's Motion for a finding of Contempt of court and for a Restraining Order is hereby denied.

{¶ 11} " * * *

{¶ 12} "The foregoing orders are supported in part by significant changes in the family's circumstances, including the threatened withdrawal of the time the children spend with their Mother after the school day ends and financial hardships in the home of the Mother. The foregoing orders are necessary to protect the best interests of all of the children involved."

{¶ 13} The magistrate issued findings of fact and conclusions of law on April 4, 2006. Appellant filed objections to the magistrate's decision and supplemental objections to the findings of fact and conclusions of law. By a judgment entry filed May 30, 2006, the trial court overruled and/or denied all of appellant's objections.

{¶ 14} It is from this judgment entry that appellant appeals, raising the following assignments of error:

{¶ 15} "I. The trial court erred when it failed to act upon the appeals court's mandate that the father be designated the obligee and the mother be designated the obligor on the child support worksheet.

{¶ 16} "II. The trial court erred in failing to deny the defendant mother's complaint for change of custody, deviation on child support, and/or amendment to the shared parenting plan, on the grounds that no change in circumstances had occurred.

{¶ 17} "III. The trial court erred designating the plaintiff mother the obligee on the child support worksheet.

{¶ 18} "IV. The trial court erred in modifying the shared parenting arrangement to grant co-residential status to the mother and remove the father as the sole residential parent.

{¶ 19} "V. The trial court erred in failing to hold the defendant mother in contempt for willfully and repeatedly violating the companionship rights of the father, and for threatening the life of the father."

I

{¶ 20} In his first assignment of error, appellant contends that the trial court erred in failing to act upon this court's remand order to designate appellant as the obligee and appellee as the obligor on the child support worksheet. We agree.

{¶ 21} This court previously ruled on the legal question as to which party should be designated the obligee and which party should be designated the obligor, reversing the trial court's original designation of appellee as the obligee and appellant as the obligor. The doctrine of the law of the case mandates that lower courts must apply the law as determined by appellate courts on "legal questions involved for all subsequent proceedings at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. The doctrine of the law of the case is applicable herein to the extent that the trial court must designate appellant as the obligee and appellee as the obligor through the period prior to the magistrate's conducting the hearing on December 9, 2005.

{¶ 22} Accordingly, appellant's first assignment of error is sustained.

II

{¶ 23} In his second assignment of error, appellant asserts that the trial court erred in granting appellee's complaint for change of custody, deviation on child support, and/or amendment to the shared-parenting plan. Specifically,

appellant argues that there was no change in circumstance significant enough to require a modification of the parties' existing shared parenting plan.

{¶ 24} R.C. 3109.04 provides:

{¶ 25} "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 26} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶ 27} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶ 28} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶ 29} Before we analyze whether a change in circumstance warranting a modification occurred, we must review the provision in the parties' shared-parenting plan to determine whether the parties' agreement allowed for a deviation without meeting the statutory requirements. The shared-parenting plan provides:

{¶ 30} "Father agrees to use the Mother as the child-care provider and will not use a third party day-care provider without just cause as long as the Parties reside in the Delaware City school district. Father agrees to pay reasonable day care charges to the mother when she is the day-care provider. In the event that the Father changes the day-care arrangement, then the Wife may by letter petition the court for an immediate hearing thereon. * * * "

{¶ 31} We hold that the parties' shared-parenting plan provides appellee with an opportunity to be heard *if* appellant changes the daycare arrangement. If such a change occurs, appellee is not required to meet the statutory requirements to establish a change in circumstance.

{¶ 32} Appellee testified that appellant informed her of his desire to have the children ride the school bus home to his residence on the days he had companion-

ship with the children, rather than having the children go to appellee's home, as was the routine. However, that change never occurred. Appellee acknowledged this fact in her testimony. Because appellant never altered the children's after-school arrangement with appellee, in order for the trial court to modify the existing shared-parenting plan, appellee must satisfy the statutory factors set forth in R.C. 3109.04. We note that if appellant had unilaterally effectuated a change, he would be estopped from asserting that appellee had failed to demonstrate a significant change of circumstances, as the shared parenting plan allows appellee to request an immediate hearing if appellant effectuates a change.

{¶ 33} We now analyze R.C. 3109.04 to determine whether the trial court properly found a change in circumstance to warrant a modification of the parties' parental rights. There are certain statutory factors that a trial court is required to consider in determining whether modification of custody is appropriate. These factors that are set forth in R.C. 3109.04(E)(1)(a). First, a trial court must determine whether there has been a change in circumstances. R.C. 3109.04 does not define "changes in circumstances"; however, courts have generally held the phrase to note "an event, occurrence, or situation which has a material and adverse effect upon a child." *Rohrbaugh v. Rohrbaugh* (2000), 136 Ohio App.3d 599, 604–605, 737 N.E.2d 551.

{¶ 34} The trial court herein found that the modification was "supported in part by significant changes in the family's circumstances, including [appellant's] threatened withdrawal of the time the children spend with [appellee] after the school day ends and the financial hardships in the home of the [appellee]."

{¶ 35} We conclude that appellant's "threat" to reduce the time the children spent with appellee is not sufficient to establish a significant change of circumstance, and the trial court's modification of the parental rights on this basis was erroneous. The trial court also found that the modification was supported by the financial hardships in appellee's home. Appellee testified that she works approximately six hours a week as a waitress in a restaurant at Buehler's Market. Appellee explained that she started working when appellant's support checks were escrowed as a result of the ongoing litigation. She also testified that not receiving support and being required to pay support to appellant would be devastating.

{¶ 36} Upon review of the record, we find no documentation to support appellee's claim of financial hardship. The record is devoid of any evidence establishing that appellee's financial situation had significantly changed from the time of inception of the party's original agreement to the time of the hearing. Again, appellee is basing the change of circumstance on a situation that had not

yet occurred. Accordingly, we hold that the trial court erred in finding these changes significant enough to warrant modification of the parenting plan.

{¶ 37} Appellant's second assignment of error is sustained.

## III, IV

{¶ 38} In light of our disposition of appellant's second assignment of error, we sustain appellant's third and fourth assignments of error.

## V

{¶ 39} In his final assignment of error, appellant contends that the trial court erred in failing to hold appellee in contempt for willfully and repeatedly interfering with appellant's companionship rights and for threatening appellant's life.

{¶ 40} Absent an abuse of discretion, this court will not reverse the decision of a trial court in a contempt proceeding. *State ex rel. Delco Moraine Div., Gen. Motors Corp. v. Indus. Comm.* (1990), 48 Ohio St.3d 43, 44, 549 N.E.2d 162. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 41} A review of the record reveals that appellant filed contempt charges against appellee in September, 2005, stating that appellee had refused to release the children to appellant when he arrived to pick them up for his companionship time. Following a hearing, the trial court found appellee in contempt, imposed a fine of $50, and instructed the parties to strictly follow the companionship schedule henceforth. In November 2005, the parties executed an out-of-court agreement to amend the Thanksgiving holiday visitation schedule. Appellee refused to abide by the agreement, which provoked appellant to file contempt charges on December 7, 2005.

{¶ 42} The trial court addressed the issue during the hearing on the motion for change of custody. Appellee admitted sending the children to her parents' home in Indianapolis during appellant's visitation time, and that that conduct was against appellant's wishes and the parties' out-of-court amended agreement. However, appellee claimed that she was forced to sign the out-of-court amended agreement. The trial court chastised the parties, stating, "I told you two when you were here before, you two do not have the authority to modify your agreement. This type of stuff is total bull. OK? You have a court order on

visitation. It takes a court order to change the visitation. Not some document signed by either party and I told you both before because the two of you cannot play nice with each other; that you are to strictly follow the rules as to the visitation, as far as it goes to the local rules." Thereafter, the trial court denied appellant's motion for contempt, and that ruling was memorialized in the magistrate's December 28, 2005 decision.

{¶ 43} Upon review of the entire record in this matter and given the parties' past history, we find that the trial court did not abuse its discretion in denying appellant's motion for contempt.

{¶ 44} Appellant's fifth assignment of error is overruled.

{¶ 45} The judgment of the Delaware County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion and the law.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

GWIN, P.J., and FARMER, J., concur.