[Cite as *In re C.D.M.*, 2013-Ohio-3792.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

IN THE MATTER OF: : 

    C.D.M. : 

                                                     Case No. 13CA1

                                      : 

                                                     <u>DECISION AND</u>

                                    :                    <u>JUDGMENT ENTRY</u>

                                                     :                    RELEASED 08/28/2013

APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Jason M. Donnell, Pickerington, Ohio, for Appellee.

Hoover, J.

{¶ 1}   Jeffrey Malone, appellant and father of C.D.M., appeals from the decision of the Hocking County Common Pleas Court, Juvenile Division, which awarded custody of C.D.M. to Jennifer Malone, appellee and mother of C.D.M.  This case arises from appellee's motion to modify a previous custody order that had granted legal custody to appellant.  Appellant argues that the trial court committed reversible error when it relied upon "unfounded, unsupported, and inaccurate factual findings" in determining that a change in circumstance had occurred warranting modification of the previous custody decree.  Appellant further contends that the trial court erred by relying upon the contents of the guardian ad litem's report as substantive evidence in its best interest determination, where the guardian ad litem did not testify at the modification hearing and where the report was not admitted as an exhibit at the modification hearing. Because a substantial amount of competent and credible evidence supports the trial court's

finding that there has been a significant change in circumstances since the original custody decree and that a change in custody would be in the best interest of C.D.M., we hold that the trial court did not abuse its discretion in modifying custody. Moreover, because the trial court afforded the appellant the opportunity to cross-examine the guardian ad litem concerning her report and recommendation, it was proper for the trial court to consider the report in making its best interests determination.

{¶ 2} Accordingly, we affirm the judgment of the trial court.

I

FACTS

{¶ 3} Appellant and appellee are the natural parents of C.D.M. In March 2004, the Ross County Common Pleas Court, Juvenile Division, entered an order awarding legal custody of C.D.M. to appellant. On October 5, 2010, appellee filed a pro se motion for custody in Hocking County, alleging that appellant was in jail on multiple charges of gross sexual imposition against a minor child, not C.D.M. Appellant was released from jail on October 8, 2010, and was never convicted of any of the charges. The criminal case was eventually dismissed.

{¶ 4} On October 27, 2010, the trial court conducted a preliminary hearing on appellee's motion. Both appellant and appellee appeared pro se. Two days later, the trial court ordered that appellee have temporary custody of C.D.M., that appellant have supervised visitation rights, and that a guardian ad litem be appointed to represent the interests of C.D.M.

{¶ 5} A Report of the Guardian Ad Litem was filed with the trial court in December 2010. The guardian ad litem recommended that appellee be named C.D.M.'s residential parent

and legal custodian. Thereafter, the proceedings were stayed pending outcome of appellant's criminal case.

{¶ 6} Then on November 7, 2011, the guardian ad litem filed an ex-parte Motion of Guardian Ad Litem to Temporarily Suspend Visitation. The motion alleged that the supervised visitation between C.D.M. and appellant was no longer in the best interest of C.D.M. because she was, among other allegations, "being bombarded by negative information [regarding appellee] while seeing her father." On that same day the trial court granted the motion and barred appellant from contacting or visiting C.D.M.

{¶ 7} In April 2012, attorney Timothy P. Gleeson entered his appearance on behalf of appellant. Shortly thereafter, appellant filed a Motion to Establish Parental Companionship with a request for hearing.

{¶ 8} On June 12, 2012, the trial court conducted an in camera interview of C.D.M. As a result of the interview, the trial court granted appellant three visits with C.D.M.

{¶ 9} The final modification hearing was held on July 18, 2012. Appellee appeared pro se and testified as a witness. Appellee also called her sister to testify as a witness. Appellant was present along with counsel and testified. The guardian ad litem was also present and participated in the hearing. The guardian ad litem did not testify; but at the conclusion of the hearing the trial court asked the parties if they wished to question the guardian ad litem concerning her report. Neither party chose to question the guardian ad litem.

{¶ 10} On December 18, 2012, the trial court issued its decision granting legal custody of C.D.M. to appellee. The entry stated in pertinent part:

The Court conducted a final hearing on July 18, 2012, and finds that there has been a substantial change of circumstances since March 9, 2004, when the Ross County Juvenile Court granted custody of the child to Father. Specifically, Father was charged with gross sexual imposition, was incarcerated and it was necessary for the Court to place the child with the Mother pending the disposition and ultimate dismissal of gross sexual imposition charges against the Father. During the intervening two year period the child (now 13 years old, DOB 11/04/1998) has noticeably improved her academic school performance and has expressed a desire to live with her mother.

The guardian ad litem recommended that Mother's motion be granted and identified numerous actions by the Father that were contrary to the child's best interests: Father attempted to manipulate the child's testimony and to make negative comments to the child about the mother.

Wherefore the Court finds that it is in the best interests of the child to grant Mother's motion for custody.

Appellant timely filed his notice of appeal.

II

ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns three errors for our review:

First Assignment of Error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT MADE
AND RELIED UPON UNFOUNDED, UNSUPPORTED, AND INACCURATE
FACTUAL FINDINGS.

Second Assignment of Error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR FINDING A
CHANGE OF CIRCUMSTANCE OCCURRED ABSENT SUPPORT OF A
SUBSTANTIAL AMOUNT OF CREDIBLE AND COMPETENT EVIDENCE.

Third Assignment of Error:

THE TRIAL COURT COMMITED REVERSIBLE ERROR BY
CONSIDERING AND RELYING UPON CONTENTS OF THE GUARDIAN
AD LITEM'S REPORT AS SUBSTANTIVE EVIDENCE.


III

STANDARD OF REVIEW

{¶ 12} In his first two assignments of error, appellant contends that the trial court abused

its discretion by relying upon "unfounded, unsupported, and inaccurate" factual findings in

making its determination that a change of circumstance warranted modification of the custody

decree.  Similarly, in his third assignment of error appellant contends that the trial court abused

its discretion by relying upon the guardian ad litem's report in making its best interest

determination.  Generally, "[d]ecisions concerning child custody matters rest within the sound

discretion of the trial court." *Eatherton v. Behringer*, 3rd Dist. Seneca No. 13-11-12, 2012-Ohio-

1584, ¶ 13, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988).  "Custody

determinations are some of the most difficult and agonizing decisions a trial judge must make,

and, therefore, appellate courts must grant wide latitude to their consideration of the evidence."

*Id.*, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).  Ordinarily, "a

reviewing court will not reverse a trial court's decision regarding child custody absent an abuse

of discretion." *Id.*, citing *Masters v. Masters*, 69 Ohio St.3d 83, 85, 630 N.E.2d 665 (1994).  The

phrase "abuse of discretion" connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). As this court has previously explained:

> An abuse of discretion involves far more than a difference in opinion. The term
> discretion itself involves the idea of choice, of an exercise of the will, of a
> determination made between competing considerations. In order to have an
> "abuse" in reaching such determination, the result must be so palpably and
> grossly violative of fact and logic that it evidences not the exercise of will but
> perversity of will, not the exercise of judgment but defiance thereof, not the
> exercise of reason but rather of passion or bias.

*Jones v. Jones*, 4th Dist. Highland No. 06CA25, 2007-Ohio-4255, ¶ 32. According to the Supreme Court of Ohio, a trial court does not abuse its discretion in this context if its judgment is supported by " 'a substantial amount of credible and competent evidence.' " *Davis* at 418, quoting *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus.

{¶ 13} "While a trial court's discretion in a custody modification proceeding is broad, it is not absolute, and must be guided by the language set forth in R.C. 3109.04." *Miller* at 74. R.C. 3109.04(E)(1)(a) provides:

> The court shall not modify a prior decree allocating parental rights and
> responsibilities for the care of children unless it finds, based on facts that have
> arisen since the prior decree or that were unknown to the court at the time of the
> prior decree, that a change has occurred in the circumstances of the child, the
> child's residential parent, or either of the parents subject to a shared parenting
> decree, and that the modification is necessary to serve the best interest of the

child.  In applying these standards, the court shall retain the residential parent

designated by the prior decree or the prior shared parenting decree, unless a

modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both

parents under a shared parenting decree agree to a change in the designation of

residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a

shared parenting decree, has been integrated into the family of the person seeking

to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by

the advantages of the change of environment to the child.

IV

ANALYSIS

A.      *Changed Circumstances Determination*

{¶ 14}  Appellant's first and second assignments of error challenge the trial court's

determination that there was a change in circumstances sufficient to warrant modification of the

previous custody order.  Specifically, appellant contends that the trial court's changed

circumstances determination was based on conclusions that were not supported by the evidence

adduced at the modification hearing or in camera interview of C.D.M.  Because assignments of

error one and two are interrelated, we will consider them together for purposes of this appeal.

{¶ 15}  The trial court determined that there had been a substantial change of

circumstances warranting modification of the Ross County custody order because: (1) appellant

was charged with gross sexual imposition, (2) was incarcerated, and thus temporary custody of C.D.M. by appellee was necessary pending the disposition of the criminal case; (3) during the two year period in which C.D.M. was in the temporary custody of appellee, there was a noticeable improvement in her academic performance; and (4) C.D.M. expressed a desire to live with the appellee. While we acknowledge that two of the findings of fact relied upon by the trial court are inaccurate, we nonetheless conclude that the trial court made sufficient findings of fact to support its decision to modify custody and that the record is replete with competent credible evidence to support the same.

{¶ 16} " 'The purpose of requiring a change in circumstance is to prevent a constant relitigation of the issues raised and considered when the trial court issued its prior custody order.' " *Price v. Price*, 4th Dist. Highland No. 99CA12, 2000 WL 426188, *2 (Apr. 13, 2000). " 'The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.' " *Davis*, 77 Ohio St.3d at 418, 674 N.E.2d 1159, quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist.1982). Thus, a change in circumstance is a threshold requirement intended to provide some stability to the custodial status of the child. *In re Brayden James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 15; *Davis* at 418, citing *Wyss* at 416. Because of this need for stability in the child's life, any change in circumstances must be substantive and significant. *See Jones*, 2007-Ohio-4255 at ¶ 36 ("But, a trial court is limited to the extent that a change in circumstances cannot be based on a slight or inconsequential change; it must be one of substance."); *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003-Ohio-1441, 787 N.E.2d 44, ¶ 23 (4th Dist.) ("The change [of circumstances] must be significant – something more than a slight or inconsequential change.") Ohio courts have

generally interpreted the phrase change of circumstances to mean " 'an event, occurrence, or situation which has a material and adverse effect upon a child.' " *In re D.M.*, 8th Dist. Cuyahoga No. 87723, 2006-Ohio-6191, ¶ 35, quoting *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604-05, 737 N.E.2d 551 (7th Dist.2000); *Lindman v. Geissler*, 171 Ohio App.3d 650, 2007-Ohio-2003, 872 N.E.2d 356, ¶ 33 (5th Dist.); *Pedraza v. Collier*, 3rd Dist. Henry No. 7-06-03, 2007-Ohio-3835, ¶ 18.

{¶ 17} We begin by noting that the record does not support the trial court's conclusion that the charges brought against appellant caused him to be incarcerated, in turn requiring appellee to take temporary custody of C.D.M. The appellant testified at the modification hearing that he was incarcerated until October 8, 2010. The preliminary hearing in which appellee was awarded temporary custody did not occur until October 27, 2010; after the appellant had been released from jail. The entry of October 29, 2010, indicates that the appellant was present at the preliminary hearing; and the entry awarded supervised visitation to appellant. To the extent that the trial court, in its changed circumstances determination, relied upon its flawed finding that appellant was incarcerated, it erred.

{¶ 18} The record also does not support the trial court's conclusion that C.D.M. expressed a desire to live with appellee. In fact, the record is quite clear that C.D.M. strongly desired to live with appellant. During the in camera interview C.D.M stated: "There is really nothing I would change, but I would like to stay with my dad[,]" and later, "I feel strongly about living with my father like I want to strongly." Simply said, the trial court's conclusion concerning the wishes of C.D.M. directly contradicts the testimony of C.D.M., and other record evidence does not support the conclusion.

{¶ 19}  Having determined that the trial court erred in basing its change in circumstance finding on the mistaken conclusions that appellant was incarcerated and that C.D.M. expressed a desire to live with appellee; we are left to decide whether appellant's indictment on charges of gross sexual imposition, C.D.M.'s scholastic improvement while in the temporary custody of appellee, and other record evidence is sufficient to support a change in circumstance finding.

{¶ 20}  This court has previously held that unsubstantiated allegations of sexual abuse, in and of itself, is insufficient to constitute a change of circumstance justifying the modification of a custody decree.  *See Stover v. Plumley*, 113 Ohio App.3d 839, 843, 682 N.E.2d 683 (4th Dist.1996) ("[T]he unsubstantiated allegations of sexual abuse are only one factor that a court may consider when determining whether a change in circumstances has occurred.").  We have also held, however, that the arrest of the residential parent may constitute a change in circumstance warranting modification of custody.  *See Bauer v. Bauer*, 4th Dist. Gallia No. 06CA2, 2006-Ohio-7096 (finding that residential parent's arrest for felony possession of a controlled substance with intent to deliver constituted a change in circumstance under R.C. 3109.04(E)(1)(a)).

{¶ 21}  In the case sub judice, we find that appellant's indictment on charges of gross sexual imposition, coupled with the ancillary effects of the charges, was a sufficient change in circumstance to support the subsequent modification of custody.  Despite the ultimate outcome of the criminal case against appellant, the severe nature of the charges[1] required temporary placement of C.D.M. with appellee to ensure her safety and well-being.  We cannot ignore C.D.M.'s temporary placement with appellee.  Perhaps even more troubling were the reports that

---

[1] The record reveals that the charges stemmed from alleged conduct between appellant and a seven year old and three year old child.

appellant had intended to make C.D.M. his star defense witness, going so far as allegedly recording her statements concerning his relationships with children. Placing such immense pressure on C.D.M. would have a material, adverse effect on her well-being.

{¶ 22} We also recognize that, apart from the trial court's stated reasons, the record amply supports a finding of a substantial change in circumstances. Not only has C.D.M.'s grades improved under the temporary care of appellee, but her attendance has also greatly improved. There was also evidence that appellant had recently been suffering from depression, was unable or unwilling to procure employment, and was delinquent on child support payments. Even though the trial court failed to discuss these changes in its decision, they support a modification of custody.

{¶ 23} Based on the foregoing, we conclude that substantial competent and credible evidence supports the trial court's finding that a change in circumstances has occurred warranting modification of custody. Accordingly, appellant's first and second assignments of error are overruled.

B.      *Consideration of the Guardian Ad Litem's Report*

{¶ 24} In his third assignment of error, appellant contends that the trial court erred because it relied upon the guardian ad litem's report in making its best interest determination. Appellant argues that because the report was not offered as evidence at the modification hearing, and because the guardian ad litem did not testify at the hearing, the report could not be relied upon as substantive evidence. Moreover, appellant contends that the report contains inadmissible hearsay statements.

{¶ 25} In any action pertaining to the allocation of parental rights and responsibilities, the duties of the guardian ad litem include investigating the background of the parents and delivering a report and recommendation to the court regarding the child's best interests. *Webb v. Lane*, 4th Dist. Athens No. 99CA12, 2000 WL 290383, *2 (Mar. 15, 2000), citing *In re Baby Girl Baxter*, 17 Ohio St.3d 229, 232, 479 N.E.2d 257 (1985), and *In re Pryor*, 86 Ohio App.3d 327, 339, 620 N.E.2d 973 (4th Dist.1993). The trial court may consider the report of the guardian ad litem without the oral testimony of the investigator and despite the hearsay inherent in the report. *Id*. at *3, citing *Eitel v. Eitel*, 4th Dist. Pickaway No. 95CA11, 1996 WL 482703 (Aug. 23, 1996), and *Corrigan v. Corrigan*, 4th Dist. Ross No. 1300, 1986 WL 15205 (Dec. 30, 1986). However, if the trial court chooses to consider the report of the guardian ad litem as evidence, it must afford the parties "sufficient due process protection by making the [guardian ad litem] available for cross-examination." *Id*. Put another way, "in order to consider a guardian ad litem's report without violating the parties' due process rights, [the court] must afford all parties the opportunity to cross-examine the guardian ad litem regarding his or her report." *Id*.

{¶ 26} In this case, it is undisputed that the trial court considered the guardian ad litem's report which was filed well in advance of the final modification hearing. While the guardian ad litem did not testify regarding the report, she was present at the final modification hearing. At the conclusion of the hearing the following colloquy took place:

> THE COURT: So, Jennifer, do you – does the Guardian ad Litem have any independent [sic] other than what you presented in your written report?
>
> GAL: No, but I would testify if anybody wanted me to regarding my report.

>THE COURT:  Okay.  Does any party wish to have the Guardian ad Litem
>
>testify?
>
>MR. GLEESON:  No, thank you.

Based on the record, it is clear that the trial court afforded appellant the opportunity to cross-examine the guardian ad litem concerning her report.  Accordingly, it was not error for the trial court to consider the report in making its best interests determination and appellant's third assignment of error is overruled.

V

CONCLUSION

{¶ 27}  The trial court reasonably concluded on the record before us that there had been a material change in circumstances adversely affecting the welfare of C.D.M. and that it would be in the best interest of C.D.M. to modify the previous custody order.  Accordingly, we conclude that the trial court did not abuse its discretion in modifying the prior custody decree to grant appellee legal custody of C.D.M.  Moreover, the trial court was permitted to consider the guardian ad litem's report and recommendation because it made the guardian ad litem available to the appellant for cross-examination.

{¶ 28}  The judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:

Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.